UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHON R. MEAUX                      CIVIL ACTION

VERSUS                                        NO. 19-10628

COOPER CONSOLIDATED, LLC            SECTION M (5)
AND SAVARD MARINE SERVICES
INC. d/b/a SAVARD LABOR &
MARINE PERSONNEL, INC.

## ORDER & REASONS

Before the Court is a motion *in limine* by plaintiff Jonathon R. Meaux to exclude certain testimony from the bench trial.[1] Defendant Cooper Consolidated, LLC ("Cooper") responds in opposition,[2] and Meaux replies in further support of his motion.[3] The Court has considered the parties' memoranda, the record, and the applicable law.

First, Meaux seeks to exclude Byron Borne and Chris Werther from testifying at trial because, according to Meaux, they were not named on Cooper's witness list.[4] Meaux also seeks to exclude various categories of witnesses included on the pretrial order such as "any other healthcare provider who treated" Meaux because specific individuals are not identified.[5] In opposition, Cooper argues that Borne and Werther should be permitted to testify because Borne was included in Cooper's initial disclosures and "shows up" on other documents produced in

---

[1] R. Doc. 109.
[2] R. Doc. 111.
[3] R. Doc. 118.
[4] R. Doc. 109-1 at 2-3.
[5] *Id.* at 3.

discovery.[6] With respect to Werther, Cooper argues that he is an impeachment or rebuttal witness that it did not need to put on the witness list.[7]

The Court's scheduling order expressly states that it will not permit any witness to testify who is not properly disclosed on the required witness list absent an order issued on motion for good cause shown.[8]  Moreover, Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires parties to disclose all witnesses, except those whose testimony would be used solely for impeachment.  Cooper states that Werther's testimony would be for rebuttal and impeachment, not solely impeachment.  Because Cooper did not include Borne or Werther on its witness list and has not shown good cause why they should be permitted to testify anyway, Meaux's motion *in limine* is GRANTED as to excluding Borne and Werther.

Next, Meaux seeks to preclude Cooper employee Gerald Venable from providing expert testimony because he did not provide an expert report.[9]  In opposition, Cooper states that Venable will testify only as a fact witness regarding his personal knowledge and work experience with Cooper concerning crane operations, worker training and certification, and safety practices.[10] Considering Cooper's response, this portion of the motion is DENIED AS MOOT.

Third, Meaux seeks to limit Dr. Rashid Joseph Tamimie's testimony to his personal knowledge regarding Meaux's pre-employment medical condition.[11]  Meaux argues that Dr. Tamimie did not treat him post-accident and, thus, should be precluded from testifying as to Meaux's post-accident medical treatment.[12]  In response, Cooper confirms that Dr. Tamimie is

---

[6] R. Doc. 111 at 1-2.
[7] *Id.* at 2.  Cooper does not address the motion as directed to "categories" of witnesses.  The Court will discuss any lingering concerns about this issue at the pretrial conference.
[8] R. Doc. 59 at 3.
[9] R. Doc. 109-1 at 3-4.  Meaux includes Borne in this part of the motion, but the Court has already excluded Borne from testifying at trial.
[10] R. Doc. 111 at 3.
[11] R. Doc. 109-1 at 4-6.
[12] *Id.*

being called as a fact witness to testify about Meaux's two pre-employment physicals in 2012 and 2017, both of which were conducted in Dr. Tamimie's office.[13]  Considering Cooper's response and Dr. Tamimie's involvement in Meaux's two pre-employment physicals, Meaux's motion is DENIED as to Dr. Tamimie.

Lastly, Meaux seeks to exclude any evidence related to seaman status because this issue was determined on summary judgment.[14]  Cooper argues that Meaux cannot unilaterally determine what issues have been resolved beyond dispute and that the seaman-status issue will arise on appeal.[15]  Considering the extensive summary-judgment record in this case, the Court is well versed on the issue of Meaux's seaman status.  However, the Court will not determine at this juncture whether evidence touching on seaman status will or will not be admitted at trial.  This is a bench trial which allows the Court leeway in determining issues as they arise.  The Court also notes that Cooper is entitled to take those actions it deems necessary to preserve the issue of seaman status for appeal.  As such, Meaux's motion regarding evidence related to seaman status is DENIED, but the Court will consider and rule on contemporaneous objections to evidence as they arise at trial.

New Orleans, Louisiana, this 5th day of August, 2021.

                                                            BARRY W. ASHE
                                                             UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 111 at 3-8.
[14] R. Doc. 109-1 at 6-7.
[15] R. Doc. 111 at 8-9.